Alfred W. Peakes v. Commissioner.
Peakes v. Commissioner
Docket No. 638-64.
United States Tax Court
T.C. Memo 1965-146; 1965 Tax Ct. Memo LEXIS 185; 24 T.C.M. (CCH) 757; T.C.M. (RIA) 65146; May 26, 1965
John P. Cogan, for the petitioner. Richard G. Daly, for the respondent DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency in petitioner's income taxes for 1962 in the amount of $424.88. The only issue for decision is whether the petitioner provided in 1962 more than one-half of the support of his three children by a prior marriage so as to be entitled to dependency exemptions for them under sections 151(e) and 152(a) of the Internal Revenue Code of 1954. Findings of Fact Some of the facts were stipulated and are hereby found accordingly. Alfred W. Peakes (hereafter called petitioner) was a single person during the year 1962. He resided at 111 West Kinnear *186 Place, Seattle, Washington. Petitioner filed his individual income tax return for the year 1962 with the district director of internal revenue at Tacoma, Washington. On this return he claimed dependency exemptions for his three minor children, namely, Pamela Jill, William Ford, and Scott Morgan Peakes. In 1962 the children were 7, 6, and 4 years old. On April 11, 1953, the petitioner married Jo Ann Raffensberger in Las Vegas, Nevada. Pamela, William, and Scott were all born of the marriage. On May 9, 1960, the petitioner and Jo Ann were separated. At that time the Superior Court of the State of Washington for King County ordered petitioner to pay $75 per week to Jo Ann as temporary support for the family. The Court modified its order on May 16, 1960, to provide for the payment of $50 per week instead of $75. On May 29, 1961, the petitioner and Jo Ann Peakes were divorced and the final decree entered. Jo Ann was awarded the care, custody and control of their three minor children subject to petitioner's visitation rights. In the divorce decree petitioner was directed to pay $50 per month for the support of each child. Jo Ann was also awarded the equity in the house they were *187 buying, household furnishings, and a 1950 Chevrolet automobile. Pursuant to the divorce decree, petitioner made the child support payments into the registry of the Superior Court of King County and such payments were then immediately disbursed to Jo Ann for the benefit of the children. In 1962 the petitioner paid $1,700 into the registry of the Court for the support of his children. In addition, he spent $400 for gifts, entertainment and miscellaneous items for them in that year. During the entire year 1962 the three children lived with Jo Ann in the home at 540 North 66th Street in Seattle. During 1962 Jo Ann was employed full time as a legal secretary and earned $4,875.50. She hired babysitters to take care of the children from 8:30 a.m. to 6 p.m. at a rate of $4 per day. For overtime and for caring for the children at night and on Saturdays and Sundays Jo Ann paid 50 cents an hour. The total amount spent for the support of the three children in 1962 was at least $4,745.94 itemized as follows: Food
$1,200.00
Lodging
855.00
Clothes
240.00
Child Care
1,080.00
Medical Insurance
164.76
Medical & Dental
96.00
Prescriptions
36.37
Educational Expenses
120.00
Automobile Expenses
160.00
Heat
136.83
Electricity
55.75
Telephone
54.00
Water & Sewerage
27.23
Toys
120.00
Miscellaneous cash furnished
by petitioner
400.00
Total
$4,745.94
*188 Petitioner did not provide more than one-half of the support for his three children in the year 1962. Opinion In order to carry his burden of proof the petitioner must establish both the amount of support he provided and the total amount spent for the children's support. Aaron F. Vance, 36 T.C. 547 (1961). Petitioner merely estimated total support. By contrast Jo Ann was much more specific. There is documentary evidence in many instances corroborating her testimony relating to total support. As for the disputed items, principally the amounts for lodging, clothes, child care, and automobile expenses, we accept the testimony of Jo Ann as being more accurate. The home, furnished as it was, had a fair rental value of $95 per month. This is substantiated by the testimony of Carol Lewis, who rents a number of houses and apartment buildings in the same general area. Since the children lived with Jo Ann and she and her mother bought their clothes, we think her estimate for clothing is correct. A reasonable amount for child care is includable in determining the total amount paid for support. Thomas Lovett, 18 T.C. 477 (1952). Under the circumstances the *189 estimate of $90 per month is more realistic than $65. We have allocated about one-third of the total cost of operating Jo Ann's automobile as an item of support for the children. All of the amounts for other items listed in our findings of fact are supported by either documentary proof or the testimony of Jo Ann and petitioner. After considering and weighing all the evidence presented, we have concluded and found as a fact that the petitioner contributed no more than $2,100 of the total amount of $4,745.95 spent for the support of Pamela, William, and Scott Peakes for the year 1962. Therefore, the petitioner is not entitled to any of the dependency exemptions claimed. Decision will be entered for the respondent.